# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. FOUR STAR IMPORT AUTOMOTIVE, LTD, an Oklahoma Corporation,<br><br>Plaintiff,<br><br>v.<br><br>1. STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, A Foreign For Profit Insurance Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) No. 17-CV-124-CVE-FHM<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

### **A.   Parties**

1. Plaintiff, Four Star Import Automotive, LTD., is a domestic corporation incorporated and organized under the laws of the State of Oklahoma.

2. The principal place of business for Four Star Import Automotive, LTD. is Tulsa, Oklahoma.

3. Defendant, State Auto Property and Casualty Insurance Company, is a foreign for profit insurance corporation incorporated and organized under the laws of the State of Iowa.

4. The principal place of business for Defendant, State Auto Property and Casualty Insurance Company, is Columbus, Ohio.

5. The Defendant, State Auto Property and Casualty Insurance Company, is

licensed to conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance, as well as its agent for service listed in the applicable insurance policy.

6. This action is not related to any other case filed in this Court.

## B. Jurisdiction

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

8. At all times material hereto, the Plaintiff, Four Star Import Automotive, LTD., owned commercial property located at 9906 E. 55th Place in Tulsa, Oklahoma.

9. On or about March 15, 2015, Plaintiff's commercial property located at 9906 E. 55th Place in Tulsa, Oklahoma was damaged as a result of a hail storm.

10. At all times material hereto, the Plaintiff, Four Star Import Automotive, LTD., was insured under the terms and conditions of an insurance policy, policy number BOP 2748777, issued by the Defendant, State Auto Property and Casualty Insurance Company.

11. At all times material hereto, Plaintiff, Four Star Import Automotive, LTD., complied with the terms and conditions of its insurance policy.

12.     Hail damage is a covered peril not otherwise limited or excluded pursuant to the terms and conditions of the policy issued by the Defendant.

### D. Count I: Breach of Contract

13.     Plaintiff, Four Star Import Automotive, LTD., hereby asserts, alleges and incorporates paragraphs 1-12 herein.

14.     The property insurance policy No. BOP 2748777, issued by Defendant, State Auto Property and Casualty Insurance Company, was in effect on March 15, 2015.

15.     The acts and omissions of Defendant, State Auto Property and Casualty Insurance Company, in the investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual and extra-contractual damages are hereby sought.  Defendant unreasonably breached its contract with the Plaintiff by failing to pay for covered damages to Plaintiff's hail damaged roofing system.

16.     Defendant breached its contract with Plaintiff and acted unreasonably by falsely stating that the damage to Plaintiff's roofing system occurred outside of Defendant's policy period. Initially, Defendant told Plaintiff that the damages to Plaintiff's metal roofing system were covered and caused by a hail event occurring during its policy period.  On or about October 24, 2016, Plaintiff and Defendant reached a settlement based upon an undisputed scope of work and an agreed price. Defendant stated that it would mail the check to Plaintiff for these covered damages.

Within hours of the October 24, 2016 settlement, Defendant unreasonably reversed its coverage position and unreasonably denied Plaintiff's claim by stating that the storm which caused the damage was a larger storm and that the damage occurred outside of Defendant's coverage period. Defendant's investigation, evaluation and reversing its coverage position were unreasonable and constitute a bad faith breach of contract.

### E. Count II: Bad Faith

17. Plaintiff, Four Star Import Automotive, LTD., hereby asserts, alleges and incorporates paragraphs 1-16 herein.

18. The acts and omissions of Defendant, State Auto Property and Casualty Insurance Company, in the investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual and extra-contractual damages are hereby sought. Defendant unreasonably breached its contract with the Plaintiff by failing to pay for covered damages to Plaintiff's hail damaged roofing system.

19. Defendant breached its contract with Plaintiff and acted unreasonably by falsely stating that the damage to Plaintiff's roofing system occurred outside of Defendant's policy period. Initially, Defendant told Plaintiff that the damages to Plaintiff's metal roofing system were covered and caused by a hail event occurring during its policy period. On or about October 24, 2016, Plaintiff and Defendant

reached a settlement based upon an undisputed scope of work and an agreed price. Defendant stated that it would mail the check to Plaintiff for these covered damages. Within hours of the October 24, 2016 settlement, Defendant unreasonably reversed its coverage position and unreasonably denied Plaintiff's claim by stating that the storm which caused the damage was a larger storm and that the damage occurred outside of Defendant's coverage period. Defendant's investigation, evaluation and reversing its coverage position were unreasonable and constitute a bad faith breach of contract.

20. The Defendant further acted unreasonably and in bad faith by forcing Plaintiff to file a lawsuit to recover policy benefits that are due and owing pursuant to the terms and conditions of Plaintiff's insurance policy.

### F. Count III Punitive Damages

21. Plaintiff, Four Star Import Automotive, LTD., hereby asserts, alleges and incorporates paragraphs 1-20 herein.

22. The unreasonable conduct of the Defendant, State Auto Property and Casualty Insurance Company, in the handling of Plaintiff's claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiff for which punitive damages are hereby sought.

### G. Demand for Jury Trial

23. The Plaintiff, Four Star Import Automotive, LTD., hereby requests that the

matters set forth herein be determined by a jury of its peers.

## H. Prayer

24.     Having properly pled, Plaintiff, Four Star Import Automotive, LTD., hereby seeks contractual, bad faith and punitive damages against the Defendant, State Auto Property and Casualty Insurance Company, all in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
McGrew, McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEYS FOR THE PLAINTIFF**